FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2008 MAY 29 AM 11: 44

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

GETRO MILIEN,

　　　　　　Petitioner,

vs.                                    Case No. 2:08-cv-23-FtM-34SPC

ALBERTO GONZALES, et al.,

　　　　　　Respondents.

_____

**ORDER**[1]

This matter comes before the Court upon review of the *pro se* Petition for Writ of Habeas Corpus filed January 14, 2008 (Doc. #1, "Petition"). Petitioner, Getro Milien (alien no. 77-910-363), who is a citizen of Haiti, was ordered removed by the United States on March 14, 2002, and entered into immigration custody on June 22, 2007. Petition at 1. Petitioner appealed his removal order, but the appeal was denied on July 22, 2003. Id. at 4, ¶14. In the instant action, Petitioner contends that his current detention violates § 241(a)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1231 (a)(6), since he is unlikely to be deported in the reasonably foreseeable future. Id. at 7, ¶23. Further, Petitioner argues that his continued detention violates the Due

---

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

Process Clause. Id. at 7, ¶25. Accordingly, Petitioner seeks immediate release from confinement. Id. at 8, ¶2.

In response to the Petition, Respondents filed a Motion to Dismiss for Mootness on February 22, 2008 (Doc. #6, "Motion"). Respondents assert that the Petition is moot because Petitioner was removed to Haiti on January 23, 2008. Respondents submit a "DACS[2] Custody Summary Inquiry" printout as evidence of Petitioner's deportation. Motion, Exhibit A. Although given ample opportunity to do so, Petitioner has not responded to the Motion.

Article III of the Constitution restricts the jurisdiction of the federal courts to "cases" or "controversies." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). This limitation prohibits courts from considering moot questions because such questions cannot present an active case or controversy, thus, the court lacks subject matter jurisdiction. U.S.C.A. Const. Art. III. Coral Springs St. Sys., Inc. V. City of Sunrise, 371 F.3d 1320, 1328 (11th Cir. 2004). Cases can be rendered moot due to a change in circumstances or a change in law. Id. at 1328. When the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party, the case is moot. Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d. 1276,

---

[2]DACS, or Deportable Alien Control System, provides information on the status and disposition of deportation cases. www.immigration.com/glossary_acronyms.html.

1282 (11th Cir. 2004) (citing <u>Al Najjar v. Ashcroft</u>, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). In such circumstances, dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." <u>Id.</u>

A narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review". <u>See</u> <u>De La Teja v. United States</u>, 321 F.3d 1357, 1363, n.3 (11th Cir. 2003). However, the circumstances before the Court do not fall within that exception. Two conditions must be met for the exception to apply: 1) the challenged action must be of a "duration too short to be fully litigated prior to its cessation or expiration"; and 2) there must be a "reasonable expectation that the **same complaining party would be subjected to the same action again.**" <u>Christian Coalition of Ala. v. Cole</u>, 355 F.3d 1288, 1293 (11th Cir. 2004) (emphasis added).

Here, Petitioner's removal would render the claims presently raised in the Petition moot. As it is undisputed that Petitioner has been now been removed to his native county, Haiti, he cannot establish a reasonable expectation that he will be subjected to the same continued detention in the future. Thus, the narrow exception to the mootness doctrine is not applicable, and the Court finds that the Petition is due to be dismissed as it has been rendered moot by Petitioner's removal.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Respondents' Motion to Dismiss for Mootness (Doc. #6) is **GRANTED** and the Petition is **DISMISSED as moot**.

2. The **Clerk of Court** shall: 1) enter judgment accordingly; 2) terminate any outstanding motions; and 3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this 24th day of May, 2008.

MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record